IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KAUSIWA ARSHAD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF ALABAMA, *et al.*, )<br>)<br>Defendants. ) | CASE NO. 2:13-cv-513-MHT |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court are Defendants' Motion to Dismiss (Doc. 9), and Plaintiff's Motion for Relief from Judgment/Order and Motion for Order (Doc. 17).  For the reasons that follow, it is the Recommendation of the undersigned Magistrate Judge that this case be DISMISSED under the doctrine of *res judicata*, the Motion to Dismiss be DENIED as MOOT, and the Motion for Relief From Judgment/Order and Motion for Order be DENIED.

**I.    BACKGROUND**

In 2012, Plaintiff filed a complaint against the Alabama Department of Corrections and several individual defendants.  *See Arshad v. Alabama Dep't of Corr., et al.*, 2:12-CV-635-MHT-WC ("Arshad I").  That case proceeded to summary judgment, where this court found in defendants' favor and judgment was issued.  During the pendency of that action, Plaintiff filed the present case, to which the court will refer as Arshad II.

In Arshad I, Plaintiff named the State of Alabama Department of Corrections, Carter Davenport, Ronald Carter, and Carl Sanders as defendants.  In Arshad II, Plaintiff has named the State of Alabama Department of Corrections, Carter Davenport, Ronald Carter, and Kenneth Peters as defendants.  The counts in Arshad I, which were brought pursuant to Title VII of the Civil Rights Act of 1964, were as follows: (1) Gender Discrimination; (2) Harassment/Hostile Work Environment; (3) Neglect; (4), Unlawful Termination; Retaliation/Reprisal; (5) Failure to Prevent Conspiracy; and (7) Making of Willfully False Statements.  *See* Arshad I Compl. (Doc. 1) at 10-11.  Similarly, Plaintiff's Complaint in Arshad II contains seven counts.  Counts One through Three are brought pursuant to Title VII and the Eighth Amendment and are as follows: (1) Gender Discrimination; (2) Harassment; (3) Neglect.  Count Four, Retaliation/Rerisal, is brought solely pursuant to the Eighth Amendment.  Count Five, titled Failure to Prevent Conspiracy, is brought pursuant to Title VII and 42 U.S.C. § 1985.  Count Six, Making of Willfully False Statements, is brought pursuant to 18 U.S.C. § 242, 42 U.S.C. § 1602.33, 18 U.S.C. § 1001, and Title VII, all "[i]n violation of the plaintiff's 5th Amendment rights."  Compl. (Doc. 1) at 7.  Count Seven, titled Unlawful Termination, is brought pursuant to Title VII and "Libel Slander in violation of plaintiff's 1st Amendment rights."  *Id*. at 5.

Defendants' filed their Motion to Dismiss based on judicial economy and duplicative litigation.  Specifically, Defendants asserted that Plaintiff's complaint in Arshad II was almost identical to the complaint and allegations made in Arshad I, and should therefore be dismissed.  Because that case is now closed, the basis for Defendants'

2

request, judicial economy, is now moot. However, in reviewing the Motion to Dismiss and the Complaint, the court became concerned regarding the viability of this action. Thus, the court notified Plaintiff of its concerns and required Plaintiff to address them. Instead, Plaintiff filed the Motion for Relief from Judgment/Order and Motion for Order (Doc. 17), which did nothing to alleviate the court's concerns.

## II. DISCUSSION

### A. Title VII Claims & Res Judicata

As an initial matter, all claims brought against the individual defendants under Title VII are properly dismissed because "[t]he relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). Thus, the only Title VII defendant in Arshad II, is the Alabama Department of Corrections, which is the same Defendant as in Arshad I. A review of the complaint here, and the one in Arshad I, lead this court to the determination that Plaintiff's Title VII claims are due to be dismissed pursuant to the doctrine of *res judicata*.

The doctrine of *res judicata* "bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). *Res judicata* applies when "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Id*. Although the doctrine is classified as an affirmative defense under Rule 8(c) under the Federal Rules of Civil Procedure, "[i]t also may be

raised *sua sponte* when 'both actions were brought before the same court.'" *Blevins v. City of Tuskegee, Ala.*, 2011 WL 855334, *1 (March 11, 2011) (C.J. Watkins) (quoting *Shurick v. Boeing Co.*, 623 F.3d 1114, 1116 n.2 (11th Cir. 2010)).

First, a final judgment on the merits was entered in Arshad I. Second, the decision was rendered by a court of competent jurisdiction. Third, privity exists between the defendants, as they are the same. Fourth, the same cause of action was involved in both cases because both arise "out of the same nucleus of operative fact" and are "based upon the same factual predicate." *Ragsdale*, 193 F.3d at 1239 (internal quotation marks omitted).

Only the fourth factor—same cause of action—merits any explanation by the court. In both Arshad I and Arshad II, Plaintiff complains that she suffered discrimination at the hands of Defendant, starting in February 2011. More specifically, Plaintiff's claims center around her actions, or inaction, as a prison guard during the "kitchen riots" of 2011 and her subsequent discipline and termination. The only point of the current complaint appears to be that Plaintiff wants to add additional facts in support of her earlier claims. Plaintiff alleges that Defendants provided "false testimony" during her termination hearing. However, this court has already determined that Plaintiff was unable to show that her termination was wrongful. Moreover, the "false testimony" to which Plaintiff alludes (Peters's testimony that she did nothing during the "kitchen riots" of 2011) squarely aligns with this court's findings of fact and Plaintiff's admissions in the

4

previous case.[1]  Thus, Arshad II arises "out of the same nucleus of operative fact" as Arshad I and both are "based upon the same factual predicate." Thus, Arshad II is barred by *res judicata*.

### B. Other Bases of Claims

As to Plaintiff's claims under the Eight Amendment, including count Four whih was solely brought pursuant to the Eighth Amendment, these claims must be dismissed because only a prisoner may bring a claim for an Eighth Amendment violation. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).

As to count Five, which was brought pursuant to 42 U.S.C. § 1985, this claim, is barred under the doctrine of *res judicata* because it was, or could have been, brought in Arshad I. *Ragsdale*, 193 F.3d at 1238 ("Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding."). To the extent Plaintiff argues that she could not have brought these claims in the prior action, her claim under this statute would still fail under the intracorporate conspiracy doctrine. As the United States Court of Appeals for the Eleventh Circuit has said:

> This doctrine stems from basic agency principles that "attribute the acts of agents of a corporation to the corporation, so that all of their acts are considered to be those of a single legal actor." The reasoning behind the intracorporate conspiracy doctrine is that it is not possible for a single legal entity consisting of the corporation and its agents to conspire with itself, just as it is not possible for an individual person to conspire with himself. This doctrine has been applied not only to private corporations but also to public, government entities.

---

[1] See a more detailed discussion of this *infra*.

*Dickerson v. Alachua Cnty. Comm'r*, 200 F.3d 761, 767 (11th Cir. 2000) (internal citations ommitted).  The individual defendants were employees of defendant Alabama Department of Corrections, thus, "under the doctrine, a corporation cannot conspire with its employees, and its employees, when acting within the scope of their employment, cannot conspire among themselves."  *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000)(en banc).  Accordingly, Plaintiff's claim under this statute is due to be dismissed.

As to count Six, Making of Willfully False Statements, brought pursuant to 18 U.S.C. § 242, 42 U.S.C. § 1602.33, and 18 U.S.C. § 1001, those are criminal statutes and do not create a private right of action.  Plaintiff's allegation that this was all done in violation of her Fifth Amendments rights does not state a claim, and, even if it did, the claim would be barred under *res judicata*, as it is the same claim brought in Arshad I.

Finally, as to count Seven which was brought pursuant to "Libel Slander in violation of plaintiff's 1st Amendment rights," such a claim would also barred pursuant to *res judicata*.  The court already determined that Plaintiff could not show that her termination was unlawful.  The "libel" Plaintiff claims, Peters's statement that she did nothing during the kitchen riots is squarely in line with this court's previous findings, Arshad I, Rec. (Doc. 38) at 5 ("During the riot, Plaintiff made a radio call for backup, then retreated to a nearby bathroom to avoid being hit by the dining trays."), and Plaintiff's admissions, *Id.* at 6 ( "Warden Davenport asked each supervisor present during the incident to state what they did in response. Plaintiff stated that she made a radio call and did nothing further.").  "The purpose behind the doctrine of *res judicata* is that the

'full and fair opportunity to litigate protects [a party's] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Ragsdale*, 193 F.3d at 1238 (quoting *Montana v. United States*, 440 U.S. 147, 154 (1979). As the court has already determined there was no unlawful termination, this claim is precluded. Moreover, this claim was brought pursuant to Alabama state law and as Plaintiff's federal claims are properly dismissed, the court should refrain from exercising pendent jurisdiction over any of Plaintiff's state law claims. *See L.A. Draper & Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414 (11th Cir. 1984).

Accordingly, Plaintiff's Complaint can find no bases to continue.

### C. *Plaintiff's Motion*

The court is not exactly sure as to what Plaintiff is requesting in the Motion for Relief from Judgment/Order and Motion for Order (Doc. 17). To the extent Plaintiff is simply requesting that the court not recommend the dismissal of her action, this request is due to be denied.

### III. CONCLUSION

Accordingly, for the foregoing reasons, it is the RECOMMENDATION Undersigned Magistrate Judge that this case be DISMISSED under the doctrine of res judicata, that the Motion to Dismiss (Doc. 9) be DENIED as MOOT, and the Motion for Relief From Judgment/Order and Motion for Order (Doc. 17) be DENIED.

It is further

ORDERED that on or before **March 10, 2014**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 24th day of February, 2014.

>/s/ Wallace Capel, Jr.
>WALLACE CAPEL, JR.
>UNITED STATES MAGISTRATE JUDGE